# United States District Court for the Southern District of Florida

**Mike E. Neal**
vs
Deputy Director Daniel Junior is being sued in his official capacity,
Captain A. Lawrence
Sergeant T. Hamilton / John Jr. Guerrera
Officer D. Lumpskins
Officer P. Frade
Officer G. Ambrose
Each is sued in their individual capacity

Case No: _____
Trial by Jury°

FILED BY **PG** D.C.
MAY 02 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

cat/div **550/1983/MIA**
Case # _____
Judge _____ Mag **REID**
Motn Ifp **YES** Fee pd $ **0**
Receipt # _____

## I. Jurisdiction and Venue

1. This is a EMERGENCY civil Rights action claim authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of civil Rights that's secured by the constitution of the United States and under the state of Florida laws.

   The court has jurisdiction under 28 U.S.C Section 1331 and 1343 (a)(3). Plaintiff Mike E. Neal seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.

2. The Southern District of Florida is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiff Information

3. Plaintiff Mike E. Neal #150-133-695 is and was at all times mentioned herein is a Pretrial Detainee in the state of Florida in custody of the Miami-Dade Correctional Department at Metro West Detention Center 13850 NW 41st Street Miami Fl 33178 SMU Cell-148

## III. Defendants information

4. Name of Defendant: Daniel Junior / official position: Deputy Director / Employed at: MDCR-Headquarters / mailing address: 2525 NW 62 street, Suit 2000 miami Fl 33147

5. Name of Defendant: A. Lawrence / official position: Captain Employed at: metro west Detention / mailing address: 13850 NW 41st street miami Fl 33178

6. Name of Defendant: T. Hamilton / official position: Sergeant Employed at: metro west Detention / mailing address: 13850 NW 41st street miami Fl 33178

7. Name of Defendant: John Jr Guerrera / official position: Correctional counselor / Employed at: metro west Detention mailing address: metro west Detention 13850 NW 41st street Miami, Fl 33178

8. Name of Defendants: D. lumpskins, P. Frade, G. ambrose official position: Unit officers / Employed at: metro west Detention / mailing address: 13850 NW 41st street miami Fl 33178

9. Defendant Daniel Junior is being sued in his official capacity and acted under the color of state law

10. and the remaining Defendants mentioned in numbers 5 through 8 is being sued in their individual capacity and at all times mentioned in this civil complaint each defendant acted under the color of state law

11. COMES NOW: Plaintiff MIKE E. Neal as he stated all the actual facts to the best of his knowledge and understood to be true as stated and upon the information plaintiff received from inmates: Gus Lanier #190126526 cell-? Jimmy Evans #180384414 cell-150, Julio ravel# cell-125 and the incident witness statement form they filled out and submited to the unit corporal Kettles and plaintiff believe on good faith that the information and writen statements is true.

## IV. Facts

12. At all times relevant to this case, Plaintiff were in hand-cuffs when he was maliciously physically assaulted. Plaintiff has previous permanent irreversible juries of the left knee and a torn rotator cuffs of both shoulders and lower back, and Plaintiff utilizes a cane to walk with knee brace.

13. Therefore there's number of serious factors of Plaintiff known disabilities, that is admissible to show the court that the Defendant D. Lumpkins malicious attack Plaintiff while being hand-cuffed knowing there would be substantial risk Plaintiff would seriously be injured.

14. On April 9, 2019 Defendant Captain A. Lawrence and Defendant Sergeant T. Hamilton approached Plaintiff cell-148, Plaintiff started telling them he filed Grievance complaints against Defendant D. Lumpkins and A. Smith, for threatening to cause physical bodily harm. But Defendant correctional counselor John Jr Guerrera failed to process and refused to sign and date those grievances and refused Plaintiff carbon copys of those grievances for proof.

15. Then Defendant A. Lawrence asked Plaintiff did he have any grievances that needed to be submitted for processing. Plaintiff gave Defendant Captain A. Lawrence 7 new grievances, in which two where filed against Defendant D. Lumpkins for the constant threats and the excessive search leaving the cell in disarray.

16. Defendant Captain A. Lawrence stated she will handle those grievance complaints and walk away from Plaintiff cell -148 and as she were walking out the unit see gave those grievance complaints to Defendant Sergeant T. Hamilton

17. Plaintiff immediately requested Defendant T. Hamilton to sign and date those grievances. He refused to sign and date those grievances. He walked away refused to give a carbon copy of those grievance for proof. Plaintiff filed those grievance as stated in D.S.O.P policies

18. The next day Plaintiff saw Defendant Sergeant T. Hamilton and requested for his grievance complaints back, so that Plaintiff can have the correctional counselor Defendant John Jr. Guerrea sign and date them. But Defendant T. Hamilton ignored Plaintiff and walked away again depriving Plaintiff his right to grieve. See exhibit "H"

19. The following day on 4-11-2019 Plaintiff was escorted to the medical clinic for mental health issues of depression

20. As Plaintiff were waiting for Dr Hernanez Defendant D. Lumpskins stated that Plaintiff is a snitch and that he seen those grievances Plaintiff gave to Defendant Sergeant T. Hamilton. And then stated to Plaintiff that no one will stop him from fucking Plaintiff cell up or kicking Plaintiff ass. See exhibit "A"

21. Plaintiff remained sitted and stated to Defendant D. Lumpskins that he wasn't going to stop filing grievance complaints untill Defendant D. Lumpskins stop harassing him.

22. Defendant D. Lumpskins became anger and stood in Plaintiff face. Telling Plaintiff to stand up so he could physically assault Plaintiff. The corporal Ketties ordered Defendant C. Lumpskins to move from in front of Plaintiff. See exhibit "B"

23. The following day on 4-12-2019 Plaintiff were being escorted from the shower by Defendants P. Frade and G. Ambrose while Defendant D. Lumpskins were video recording Plaintiff with an tablet.

24. Inmate Julio Ravel put a bag of chips and a cup of coffee on his cell flap for Plaintiff. Defendants P. Frade and G. Ambrose allowed Plaintiff to retrieve a bag of chips and coffee.

25. When suddenley Defendant D. Lumpskins started pushing Plaintiff in his left shoulder that permanently irreversible damage causing excruciating pain. See Exhibit "C".

26. Then without any warning Defendant D. Lumpskins started punching Plainting in the face and head very violently great physical bodily harm and pain. See Exhibit "C".

27. As Plaintiff were in hand-cuffs and pented against the wall from the violent impact of Defendant D. Lumpskins punches causing instant dizziness and headaches.

28. As Plaintiff were being physical assaulted and could not protect him self from such violent attack by Defendant D. Lumpskins. Defendants P. Frade and G. Ambrose just stood there and watched Plaintiff brutal attack play out maliciously. See Exhibit video "D".

29. Defendants P. Frade and G. Ambrose failed to intervene to prevent physical bodily harm. That were known it would be substantial risk Plaintiff seriously be harmed by failing to reasonably to respond and protect Plaintiff. See Exhibit "E".

30. Plaintiff suffered excruciating pain and had to sit on the floor and corporal Kettles called a medical emergency and Dr. Dauphin Jean Raymond and nurses came with the stretcher and Plaintiff had to be placed on the stretcher and taken to the medical clinic north.

31. Plaintiff were held in the medical clinic for injury examination in which Plaintiff suffered swelling of the face and head and in his lower back, neck, left knee and left ear. See Exhibit "F" of medical record.

32. Plaintiff were given ice pack for the swelling of face and head. and a injection of pain medication in the butt of lower back and muscle relaxers. with follow-up on X-Rays were ordered

33. Plaintiff received an inmate witness statement form and Grievance complaint form to fill out by Corporal Kettels. who attached those form plaintiff fill out to his Report of the Excessive use of force by Defendant D. Lumpskins, Exhibit "L".

34. That same day 4-12-2019 Plaintiff filled out 5 Action Grievance Complaints and on 4-15-2019 correctional counselor Defendant John Jr. Guerrea came and sign and dated those 5 Grievance complaints and gave plaintiff his carbon copys of proof plaintiff filed grievances that date with an correctional counselor. See Exhibits C,E,G,H,I

35. Then on 4-17-2019 Plaintiff was transported to Jackson Memorial Hospital for an "MRI" on his left knee, that was ordered by Dr. Dauphin Jean Raymond. See Exhibit "J".

36. Then on 4-19-2019 two Metro-Dade Police Officers names K. Martinez #5117 and Y. Mesa 4298 came to speak with plaintiff and stated their there to investigate the incident. and Plaintiff stated every thing that happen to him. Then on 4-21-2019 Plaintiff charged with F/2 782.08a2. See Exhibit "K" 1 through 2 pages.

37. Upon information Plaintiff received from correctional officers and inmates and plaintiff believed to be true on good faith. That the whole assault were caught on video and that they zoomed in and stated plaintiff didn't do anything for Defendant D. Lumpskins to justify

38. Such an un-called for excessive use of force and the amount of punches were thrown.

39. It shall be not that Plaintiff states he has been physically assaulted befor by Defendant D. lumpskins in october 26,2018 and assaulted another inmate Gomez back in 1-17-2019 in cell-151 SMU Defendant C. lumpskins is know for his abrusive pattern.

## V. Exhaustion of Legal Remedies

40. On April 9, 2019 Plaintiff Mike E. Neal presented the facts relating to Defendant C. lumpskins misused conducts. Verbally and in Grievance form to Defendants T. Hamilton and A. Lawrence.

41. Defendant T. Hamilton maliciously failed to sign and date Grievance and denied Plaintiff his carbon copys for proof of submited Grievance.

41. Plaintiff filed 5 "action Grievance on 4-12-2019 and gave them to Defendant correctional counselor John Jr. Guerrera who sign and dated them on 4-15-2019 and gave Plaintiff his carbon copys of proof. Exhibits C,E,G,H,I

42. Defendant John Jr. Guerrera has maliciously failed to give a control number to each one of those Grievances to be process through the administrative Grievance system blocking Plaintiff right to Grievance Exhaustion.

43. Plaintiff also turn in a Grievance complaint with the victim statement form he filled out and submited to Corporal Kettles who placed in his Reports on 4-12-2019

## Claims For Relief

Defendant D. lumpskins actions while acting under color of state law for Miami-Dade correctional department used illegal and unnecessary excessive use of force against Plaintiff Mike E. Neal who were in hand-cuffs at the time of the physical assault

moreso Plaintiff is a disable person that walk with cane and suffer with choronic health issues of High blood pressure and Diabetes and mental Health depression.

Therefor Defendant D. lumpskins action were very unnecessary and wanton infliction of pain and did so without need or provocation and failed to prevent his self from such unconstitutional action that were done maliciously and constituted illegal used force in violation under the 8th amendment of united states constitution and assault and battery of tort claim 8th amendment violation under the state of Florida law causing Plaintiff Mike E. Neal pain suffering, physical injuries and emotional distress

Defendant D. lumpskins constantly threatening and harassed out of Retaliation with physical abuse because Plaintiff exercise his civil right to grieve against misused conducts of Defendant C. lumpskins constituted violation of Mike E. NEA civil Rights under the first amendment to the united states constitution casing pain suffering physical any mental injuries.

Defendants Captain A. Lawrence / Sergeant T. Hamilton correctional counselor John Jr. Guerrera action while acting under color of state law for Miami-Dade correctional Department failed to intervene and prevent physical bodily harm. That was made known to them previously by Plaintiff in the form of a Grievance complaints and verbally. constituted deliberate indifference to Plaintiff safety and health care in violation to the 8th amendment to the United States constitution and under the 8th amendment to the state of Florida law causing pain suffering physical injuries emotional distress

Defendants captain A. Lawrence / Sergeant T. Hamilton correctional counselor John Jr. Guerrera action while acting under color of state law for Miami-Dade correctional Department failed to process those action grievance complaints that were made known to them by Plaintiff and such Unconstitutional action blocked Plaintiff from utilizing the administrative Grievance System to exhaust his remedy. constituted violation under the First amendment to the United States constitution and under the First amendment to the State of Florida laws.

Defendants P. Frade and G. Ambrose action while acting under color of state law for Miami-Dade correctional Department failed to intervene and prevent physical bodily harm that were known to them when seeing Defendant C. Lumpkins started pushing Plaintiff. Then they just stood there as Defendant D. Lumpkins started punching Plaintiff in the face and head. constituted deliberate indifference to Plaintiff safety and Health in violation under the 8th amendment to the United States constitution and under the constitution to the state of Florida law causing pain suffering Physical injury and emotion distress

Defendant Daniel Junior action while acting under color of state law for Miami-Dade County Correctional Department failed his duty as the Deputy Director of all Miami-Dade County Jails to protect plaintiff from known physical abuse as Defendant Deputy have meetings every week on SMI and administrative confinement inmate and all the excessive use of forces, report inmate witness statements and filed grievance complaint. and such failure showed deliberate indifference to plaintiff safety and Health constituted violation under the 8th amendment to the United States Constitution and violation under 8th amendment to the State of Florida laws.

## RELIEF REQUESTED

Wherefore Plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. Defendant D. Lumpskins retaliated against Plaintiff maliciously because he exercise the right to grieve against misused conduct of threatening and excessive cell shake downs leaving it in disarray. Then Defendant C. Lumpskins seeked to maliciously physically assault Plaintiff by punching him in the face and head repeatedly causing serious injuries constituted violation under the First and 8th amendment to the United States Constitution and under the state of Florida law

2. Defendants P. Frade and G. Ambrose failure to intervene and prevent physical bodily harm as they stood there while plaintiff were being punched multiple times violently in the face and head constituted deliberate indifference to Plaintiff safety and Health in violation under the 8th amendment to the United States Constitution and under the state of Florida law

3. Defendants Captain A. Lawrence, Sergeant T. Hamilton correctional counselor John Jr. Guerrera failed to take action that were made known to them by Plaintiff Grievance complaint and verbal complaints of abusive misused conducts of Defendant D. Lumpskins and deprived Plaintiff right to Grieve blocking him the access to utilize the administrative Grievance system and by them doing such unconstitutional action allowed Defendant D. Lumpskins to cause physical bodily harm, constituted deliberate indifference violation under 8th and 1st amendment to the United States constitution and under the state of Florida law

4. Defendants Deputy Daniel Junior failure to take action to curb the known misused conduct of his Jails that under his authority as the Deputy Director of all Miami-Dade county Jails.

B. Plaintiff Mike E. Neal seek award compensatory damages in the amount

1. 350.000 jointly and severally against Defendants Deputy Director Daniel Junior, Captain A. Lawrence, Sergeant T. Hamilton, Officer D. Lumpskins, Officer P. Frade, Officer G. Ambrose, correctional counselor John Jr. Guerrera for the pain suffering physical and mental injuries substained as a result of Plaintiff beating while hand-cuffed

Plaintiff Mike E. Neal seek award punitive damages in the amount of:

2. 50.000 each against Defendants Deputy Director Daniel Junior, Captain A. Lawrence, Sergeant T. Hamilton Officer D. Lumpskins, Officer P. Frade, Officer G. Ambrose correctional counselor John Jr. Guerrera

C. Plaintiff Mike E Neal seek award compensatory damages in the amount of:

1. 200.00 Jointly and severally against Defendants Captain A. Lawrence, Sergeant T. Hamilton, officer D. lumpskins, Correctional counselor John Jr Guerrera for the physical and emotional injuries substained as a result of Plaintiff being deprived to grieve and exhaust his grievance remedy.

Plaintiff Mike E Neal seek award punitive damages in the amount of:

2. 50,000 Each against Defendants T. Hamilton, D. lumpskins, A. Lawrence, John Jr. Guerrera

D. Plaintiff Mike E Neal also seeks an Jury trial on all issues triable by Jury.

Plaintiff Mike E. Neal also seeks an recovery of their cost in this suit and any additional relief this this court deems is just property and equitable

Date 4-19-2019

Respectfully submitted
Mike E. Neal #150-133-695

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true except as to matters alleged on information and belief and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct

Mike E. Neal #150-133-695
Metro West Detention Center
13850 NW 41st Street Miami Fl
33178



Nick E Neal C211-148 Smu
150-138-69
Metro West Detention Center
13850 NW 41st Street Miami FL 33178

United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, Florida 33128-7716