UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21754-CV-SCOLA
MAGISTRATE JUDGE REID

MIKE E. NEAL,

      Plaintiff,

v.

DANIEL JUNIOR, DEPUTY DIRECTOR,
et al.

      Defendants.

_____/

## <u>OMNIBUS ORDER DENYING RELIEF REQUESTED WITHIN PLAINTIFF'S "SWORN AFFIDAVIT" (ECF 9)</u>

This Cause is before the Court upon review of Plaintiff's latest filing submitted as a "sworn affidavit." (ECF 9). Plaintiff is no stranger to this Court.[1]  On

---

[1] Plaintiff filed at least seven (7) cases during 2018 pursuant to Section 1983 asserting constitutional violations stemming from his interactions with various prison guards:

1. 18-cv-20374-KMW *Neal v. Wilson, et al*, filed 1/30/18, report recommending dismissal pending adoption.

2. 18-cv-20440-KMW *Neal v. Washington, et al*, filed 2/05/18, closed 10/30/18 dismissed as duplicative 18-cv-20085.

3. 18-cv-20693-KMW *Neal v. Dolce, et al*, filed 2/22/18, closed 10/25/18 dismissed as duplicative of 18-cv-20085 and 18-cv-20374.

multiple occasions, in his prior cases and in the instant case, the Court notified Plaintiff that he is to comply with the Rules governing this proceeding and that failure to comply with the Rules and this Court's orders may result in the dismissal of his case pursuant to Fed. R. Civ. P. 41(b).

The instant filing requests the appointment of counsel and asks the Court to contact a state criminal court judge to obtain video evidence to support Plaintiff's claims. The filing does not comport with S.D. Fla. Loc. R. 7.1, which requires a memorandum of law citing supporting authorities to be attached to certain motions filed. This Court also instructed Plaintiff not to send letters to the Court or to the Clerk. [ECF 6]. Plaintiff's title "sworn affidavit" does not change the essence of his filing, which is a letter explaining his claims and requests.

Nonetheless, the Court construes Plaintiff's filing as a motion to appoint counsel and a motion to subpoena video evidence. Plaintiff's request is due to be

---

4. 18-cv-20863-MGC *Neal v. Blanco, et al*, filed 3/07/18, closed 1/4/2019 dismissed for failure to state a claim.

5. 18-cv-21526-JEM *Neal v. Bailey, et al*, filed 4/18/18, closed 08/28/18 dismissed as duplicative of 18-cv-20085.

6. 18-cv-21724-CMA *Neal v. Bailey, et al*, filed 4/30/18, closed 05/29/18 dismissed as duplicative of 18-cv-20085.

7. 18-cv-25146-MGC *Neal v. Bailey, et al*, filed 12/07/18, closed 4/30/2019 dismissed for failure to state a claim.

DENIED.

To the extent that Plaintiff seeks to have this Court issue subpoenas to order the state court or any other person to turn over video evidence, such a request is premature. The case is currently in the screening phase, the Court has not determined which claims, if any, will go forward, and no defendant has been served with the complaint nor filed an answer.

Moreover, where discovery has yet to be exchanged or completed between the parties, the Court has no information regarding Plaintiff's supporting evidence. Thus, the Court cannot assess issues such as whether there is sufficient evidence in Plaintiff's regarding the nature and extent of his alleged event. Plaintiff's motion to subpoena video footage amounts to premature motions to compel discovery. Even if construed as an initial discovery request, Plaintiff is aware from his previous experience litigating these types of actions (and by directives issued in those cases by this Court) that he is required to propound his discovery requests for documents, evidence, etc., directly upon the appropriate defendants and not through the Court's CM/ECF system in violation of S.D. Fla. Local R. 26.1. Moreover, the Court may not act as Plaintiff's attorney. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Accordingly, this request is construed as an improperly filed discovery request which is due to be DENIED.

As to Plaintiff's request for the appointment of counsel, prisoners raising civil rights claims, like other civil litigants, have no absolute constitutional right to counsel. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). The appointment of counsel in civil cases is, rather, a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Id.* "Where the facts and issues are simple, he or she usually will not need such help." *Kilgo v. Ricks*, 983 F.2d 189 (11th Cir. 1993). Should circumstances change, the Court may decide to appoint counsel at a later date. However, at this early juncture, it is not clear that Plaintiff's case consists of novel facts or complex legal issues; hence, it is not necessary to appoint counsel. Plaintiff's request for appointment of counsel is, therefore, DENIED without prejudice. It is therefore

ORDERED and ADJUDGED

1. As Plaintiff presents in ECF 9, his request for a subpoena to obtain video evidence is hereby DENIED without prejudice.

2. Plaintiff's request for the appointment of counsel is DENIED without prejudice.

3. Plaintiff is to refrain from sending letters to the Court. Plaintiff's filings must in accordance with the Federal Rules of Civil Procedure and the Local Rules or he may be subject to dismissal pursuant to Rule 41(b).

DONE AND ORDERED at Miami, Florida, this 16th day of July, 2019.

s/Lisette M. Reid
UNITED STATES MAGISTRATE JUDGE

cc:   Mike E. Neal
150-133-695
Turner Guilford Knight Correctional Center
7000 NW 41st Street
Miami, FL 33166
PRO SE