United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mike E. Neal, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21754-Civ-Scola |
| Deputy Director Daniel Junior and others, Defendants. | ) |
| | ) |

## **Amended Order Adopting, in Part, Magistrate Judge's Report and Recommendation**

This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-2 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On October 1, 2019, Judge Reid issued a report, recommending that, upon initial screening, in accordance with 28 U.S.C. §§ 1915 and 1915A, the Court dismiss a number of Plaintiff Mike E. Neal's claims but permit several of his claims to proceed. Neal filed his objections out of time. (ECF No. 18.) The Court has nonetheless considered Neal's objections and finds, with one exception, they do not alter this Court's initial evaluation of Judge Reid's report and recommendation. (Order, ECF No. 13.)

Many of Neal's objections center on his concern that Judge Reid's report fails to include all of the facts he alleged in his complaint. The report, however, need not recite every single allegation of the complaint. And there is no indication that Judge Reid failed to consider all the complaint's allegations in reaching her conclusions. Additionally, the Court has itself reviewed all of the amended complaint's allegations and does not find that any of the paragraphs Neal identifies have been in any way overlooked.

Further, the Court overrules Neal's objection that he should be able to proceed with a First Amendment claim against Defendant T. Mathews. While not addressed by Judge Reid's report and recommendation, upon a de novo review, the Court finds Neal has failed to set forth such a claim. Neal complains only that Mathews "blocked" two of the grievances he had submitted because Neal had failed to state when and where the complained of incident in those grievances had occurred. (Am. Compl. ¶ 36, ECF No. 8, 10.) According to Neal, he is not required to state when and where an incident occurred in order for a grievance to be processed and that Mathews only blocked his complaints because Mathews knew Neal was pursuing charges against Defendant D. Lumpkins. (*Id.* at ¶ 40.) In order to succeed on his First Amendment claim, however, Neal would have to show that "the defendant's retaliatory conduct adversely affected the protected speech." *Pittman v. Tucker*, 213 Fed. App'x 867,

870 (11th Cir. 2007). As set forth by the Eleventh Circuit, "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights." *Id.* (quotations and alterations omitted). Without more, Mathews's directive to Neal that he needed to include more information in his grievance form in order for it to be processed would not have a chilling effect on a person of ordinary firmness from pursuing either his charges against Lumpkins or the subject-matter of the grievance claims he says were "blocked."

Ultimately, the Court has considered—de novo—Judge Reid's report, the record, and the relevant legal authorities. The Court agrees with Judge Reid's conclusion that the following claims set forth in Neal's amended complaint should be dismissed: his Eighth Amendment claims against Defendants A. Lawrence, T. Hamilton, and Daniel Junior for their alleged failures to prevent harm; his due process claims against Defendants Lawrence, Hamilton, John Guerra, Jr., and T. Mathews for their alleged failures to adhere to grievance procedures; and his claims against Defendants K. Martinez, and Y. Mesa for their alleged failures to accept Neal's grievances and failures to permit him to file criminal charges. Additionally, and as explained above, the Court also dismisses Neal's claim against Mathews for violations of the First Amendment. Because Neal has already been afforded an opportunity to amend his complaint and because the Court finds the deficiencies of these claims can not be cured by amendment, they are dismissed with prejudice and without leave to amend.

On the other hand, the Court also agrees that a number of Neal's claims should proceed past screening: Neal's First Amendment claim against Defendant D. Lumpkins for retaliation; Neal's Eighth Amendment claims against Lumpkins for his alleged use of excessive force; Neal's Eighth Amendment claims against Defendants P. Frade and G. Ambrose for their alleged failures to intervene; and Neal's claims for punitive damages against Frade, Ambrose, and Lumpkins.

As such the Court **affirms and adopts, in part**, Judge Reid's recommendation (**ECF No. 12**), adding the dismissal of Neal's First Amendment claim against Mathews, as set forth above. The Court thus overrules Neal's late-filed objections. Neal may proceed *in forma pauperis* with the claims listed in the preceding paragraph. This matter remains referred to Judge Reid as set forth in Administrative Order 2019-2.

**Done and Ordered** in chambers, at Miami, Florida, on October 29, 2019.

_____
Robert N. Scola, Jr.
United States District Judge