UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21754-CV-SCOLA
MAGISTRATE JUDGE REID

MIKE E. NEAL,

    Plaintiff,

v.

DIRECTOR DANIEL JUNIOR,
et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE
RE: DEFENDANTS' MOTION TO DISMISS [ECF NO. 29] AND
PLAINTIFF'S MOTION ENTITLED "EMERGENCY RESTRAINING
ORDER INJUNCTION" [ECF NO. 35]**

## I. Introduction

The incarcerated *pro se* plaintiff, Mike E. Neal filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 on May 21, 2019. [ECF No. 8]. This Cause is presently before the Court upon the Defendants' motion to dismiss. [ECF No. 29]. The Court has considered the operative complaint [ECF No. 8], Defendants' Motion to Dismiss to amended complaint [ECF No. 29], Plaintiff's Response in opposition [ECF No. 33], and Defendants' Reply [ECF No. 34]. Subsequently, Plaintiff filed a motion for injunctive relief, which is also addressed in this Report. [ECF No. 35].

1

This latest case by Plaintiff has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), and S.D. Fla. Admin. Order 2019-2.

For the reasons stated below, Defendants' Motion to Dismiss [ECF No. 29] should be GRANTED, the case should be DISMISSED, and Plaintiff's motion for injunctive relief [ECF No. 35] DENIED.

## II. Plaintiff's Allegations

After filing the initial complaint, Plaintiff filed an amended complaint. [ECF No. 8].[1] The amended complaint named ten defendants involving an incident which occurred approximately on April 12, 2019. [*Id*.]. Plaintiff claimed that the day after Defendant Lumpkins, a unit officer at Metro West Detention Center in Miami, Florida, made "threats," he was being escorted to the shower in handcuffs when Lumpkins pushed him in the left shoulder and punched him in the face and head. [*Id*. at 9]. Plaintiff received medical care from medical personnel for swelling of his face and head and pain in his back, leg, neck, and left ear. [*Id*.]. Plaintiff raised other claims against other defendants for failure to protect, retaliation, failure to intervene, failure to adhere to grievance procedures, and failure to permit the filing of criminal charges. [*See id*., generally].

---

[1] Plaintiff's initial complaint was filed on or about April 19, 2019. [ECF No. 1].

Plaintiff did not pay the $400.00 filing fee but, rather, filed a motion to proceed *in forma pauperis*, which the Court initially granted. [ECF Nos. 3, 4]. After screening the instant complaint, the Undersigned issued a Report recommending that certain claims against Defendants Amborse, Frade, and Lumpkins proceed; and the Court adopted the Report. [ECF Nos., 12, 13, 20].

At the Court's expense, Defendants were served with the complaint and quickly filed a motion to dismiss asserting that Plaintiff is a "three-striker" and was required as a matter of law to pay the filing fee and may not proceed *in forma pauperis*. [ECF No. 29]. The Court ordered Plaintiff to file a response. [ECF No. 30]. Plaintiff filed a motion for permission to present evidence of imminent danger, which would exempt him from paying the filing fee and permit him to proceed *in forma pauperis*. [ECF No. 31]. The Court granted the motion, in part, specifically instructing Plaintiff that his Response was to be limited to addressing the issues raised in the motion to dismiss and should not include claims not included in the operative complaint, nor could he use the response to otherwise supplement or amend the operative complaint. [ECF Nos. 31, 32]. In his Response, Plaintiff does not dispute his status as a "three-striker." Rather, he claims that he meets the imminent danger exception recognized by the Prisoner Litigation Reform Act (PLRA) by raising the same claims of injury he alleged in his other dismissed cases. [ECF No. 33]. Defendants filed a Reply in support of their motion to dismiss arguing

that Plaintiff "failed to link any of the claims he has alleged….to any "imminent danger."" [ECF No. 34].

Plaintiff's status as a "three-striker" under the provision of the PLRA and his failure to allege meet the imminent danger exception warrants dismissal of the instant action.

### III. Applicable Law

#### A. *§ 1915(g) Standard*

A prisoner attempting to proceed *in forma pauperis* (IFP) in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104–134, §§ 801–810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of the foregoing provision of the PLRA, referred to as "three strikes provision," has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals. *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998) (internal citations omitted), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Specifically, the Eleventh Circuit has determined that the "three strikes"

IFP provision does not violate an inmate's First Amendment right of access to the courts; the doctrine of separation of judicial and legislative powers; the Fifth Amendment's right to due process of law; or, an inmate's right to equal protection. *Id*. at 721-27.

To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *See also Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA."). Vague allegations of harm and unspecific references to injury are insufficient.

Thus, in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous

situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

### B. Dismissals of Actions as "Duplicative" are Dismissals for Maliciousness

Various courts have recognized that actions dismissed as duplicative are dismissals for maliciousness. Complaints are frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993). "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573 (10th Cir. 1997) relying on *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (internal citations omitted). *See also Ellis v. Amex. Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000) ("*res judicata* bars all claims that were brought or could have been brought based on the operative factual nucleus.").

This is consistent with well-settled law that "a plaintiff may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citation and quotation marks omitted).

## IV. Discussion

Plaintiff is a multiple filer, having filed numerous § 1983 actions in this Court with the following outcomes that amounted to "strikes" prior[2] to the filing of the instant case:

1. *Neal v. Miyares, et al.*, Case No. 18-20085-CV-Cooke (filed January 9, 2018) dismissed with prejudice on January 4, 2019, for failure to state a claim and failure to exhaust administrative remedies.

2. *Neal v. Washington, et al.*, Case No. 18-20440-CV-Williams (filed February 5, 2018) dismissed on October 30, 2018, as duplicative of Case No. 18-20085-CV-Cooke because the allegations were part of the same series of events.

3. *Neal v. Dolce, et al.*, Case No. 18-20693-CV-Williams (filed February 22, 2018) dismissed on November 15, 2018, as duplicative of Case Nos. 18-20085-CV-Cooke and 18-20374-CV-Williams because the allegations were part of the same series of events.

4. *Neal v. Blanco, et al.*, Case No. 18-20863-CV-Moore (filed March 7, 2018) dismissed on January 4, 2018, for failure to state a claim.

5. *Neal v. Bailey, et al.*, Case No.18-21526-CV-Martinez (filed April 18, 2018) dismissed on August 28, 2018, as duplicative of Case No. 18-20085-CV-Cooke.

6. *Neal v. Bailey, et al.*, Case No. 18-cv-21724-Altonaga (filed April 30, 2018) dismissed on May 29, 2018, as duplicative of 18-20085-CV-Cooke.

The Defendants also attempt to rely on the dismissal for failure to state a claim in Case No. 18-25146-CV-Cooke; however, because this case was dismissed on April 30, 2019, *after* Plaintiff filed the instant case, it does not count against Plaintiff in

---

[2] As stated above, Plaintiff filed the instant case on April 19, 2019. [ECF No. 1].

7

the resolution of this matter. In short, it was not a strike at the time Plaintiff filed the instant case. This Court takes judicial notice of these prior filings pursuant to Federal Rules of Evidence 201(b) and (c). *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (indicating that documents filed in another court may be judicially noticed) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

Plaintiff's allegations of imminent danger involve a past events, and nowhere in his complaint did he allege or insinuate that he was in imminent danger. [ECF Nos. 1, 8]. Plaintiff simply did not allege a condition nor a pattern of behavior *at the time of his filing* that meets the imminent danger exception. Rather, in his Reply, Plaintiff attempts to connect all of his prior *dismissed* filings in attempt to support the exception simply because he claims he does not have the money for the filing fee for the instant case. [*See generally* ECF No. 33]. This is insupportable. Plaintiff fails to make the proper showing; therefore, "the proper procedure is for the district court to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

More importantly, as evident in reviewing the underlying duplicative cases, Plaintiff's actions demonstrated an intent to manipulate the judicial system not only by filing duplicate cases and a plethora of frivolous motions, but by his resistance to following court orders. Moreover, despite the Court's instruction that he could

amend Case No. 18-20085-CV-Cooke, a previous case, to include additional parties or claims, Plaintiff never did. Because Plaintiff proceeded IFP in all of the six actions listed above, he is barred from prosecuting this action IFP unless he is in imminent danger of serious physical injury at the time of filing. 28 U.S.C. § 1915(g). He has not demonstrated imminent danger at the time of filing this case.

As it does not appear that Plaintiff is under imminent danger of serious physical injury, it is recommended that this case be DISMISSED pursuant to 28 U.S.C. § 1915(g).

## V.     Plaintiff's Pending "Emergency Restraining Order Injunction" ECF No. 35 Should Be DENIED

### A. Plaintiff's Claims within ECF No. 35

After filing his response to the Defendants' motion to dismiss, Plaintiff filed a motion for injunctive relief entitled "Emergency Restraining Order Injunction" making various allegations against persons who are not parties to the instant action and are employed at a different facility altogether from the facility named in the instant case. [ECF No. 35]. Plaintiff's allegations in the instant case occurred at Metro West Detention Center.

In the motion for injunctive relief, Plaintiff seeks a restraining order against Chief Rodriguez at Turner Guilford Knight Correctional Center and Chief Denson at the Pretrial Detention Center. [*Id*.]. Plaintiff alleges that the two conspired to take his legal documents and writing material, blocking his access to the court and

9

affecting his ability to litigate the instant matter. [*Id.*]. In addition, Plaintiff does not indicate what "legal documents" were missing or destroyed. [*Id.*]. Plaintiff also claims that Captain Yeber told him that if he continues to file grievances, he will order his officers to "beat [Plaintiff] up." [*Id.*]. Plaintiff claims he wants to stop threats to cause him physical bodily harm, to stop these persons from holding his legal documents and writing materials, and to order Deputy Director Junior to give him his legal documents immediately. [*Id.*].

### B. Standard of Review for Injunctive Relief

The grant or denial of a preliminary injunction is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). *See also LSSi Data Corp. v. Comcast Phone, LLC*, 696 F.3d at 1119; *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citations omitted). The standard for issuing a preliminary injunction is the same as is required for a temporary restraining order. *See California v. Am. Stores Co., et al.*, 492 U.S. 1301 (1989); *Johnson v. U.S. Dep't of Agric.*, 734 F.2d 774 (11th Cir. 1984). In order for a preliminary injunction to issue, the party seeking relief must demonstrate the following four factors:

1. a substantial likelihood that he will prevail on the merits,

2. a substantial threat that he will suffer irreparable injury if the injunction is not granted,

3. that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and

4. that the public interest will not be impaired if the injunction is granted.

*DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011); *Keaton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011); *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) (citations omitted).

Moreover, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. *LSSi Data Corp. v. Comcast Phone, LLC*, 696 F.3d at 1119; *Forsyth Cty. v. U.S. Army Corps of Engineers*, 633 F.3d 1032, 1039 (11th Cir. 2011) (citations omitted); *Seigel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Service v. Bethesda Memorial Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Serv.*, *supra*; *United States v. State of Ala.,* 791 F.2d 1450, 1457 n. 9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471;

*Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). It should further be noted that the persons from whom the injunctive relief is sought must be a party to the underlying action. *See In re Infant Formula Antitrust Litig.*, *MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-42 (11th Cir. 1995).

A showing of irreparable harm is "the sine qua non of injunctive relief." *Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) citing *Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir. 1978). The injury must be "neither remote nor speculative, but actual and imminent." *Northeastern*, *supra,* at 1285; citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2nd Cir. 1989). An injury is "irreparable" only if it cannot be undone through monetary remedies. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) citing *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983). "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Northeastern, supra,* at 1285; citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974); accord. *United States v. Jefferson Cty.*, 720 F.2d 1511, 1520 (11th Cir. 1983).

*C. Discussion*

Turning to the first prerequisite for issuance of preliminary injunctive relief, the Court finds that Plaintiff does not demonstrate a substantial likelihood of success on the merits of his claims. First, the assertions contained in the motion for preliminary injunction do not identify any specific harassment, threat, or injury tied to any defendant in the underlying case. The persons from whom injunctive relief is sought must be parties to the underlying action. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d at 842-43. Plaintiff's allegations do not form an adequate basis for granting injunctive relief as the Court is without subject matter jurisdiction. While Plaintiff's allegations are appreciable, they amount to only broad, conclusory statements regarding alleged harassment. Plaintiff names Rodriguez, Denson, Yeber, and Junior, none of whom are parties to the action. Defendant Junior was previously screened out of the instant case and is not party to the action. *See* Report ECF No. 12 and the Court's order adopting the Report ECF No. 13.

Second, Plaintiff's request for injunctive relief to stop officials from retaliation is legally deficient. His request is targeted at conduct that bears no relation to his underlying claims against the defendants in the instant case. *See, e.g., Devose v. Herrington*, 42 F.3d at 471 (affirming denial of request for preliminary injunction based on alleged retaliatory conduct unrelated to basis for prisoner's Section 1983 claim and explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion

and the conduct asserted in the complaint"). His claim for injunctive relief is, thus, purely speculative and does not present a "case or controversy" under Article III. *See L.A. v. Lyons*, 461 U.S. 95, 101-110 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 493-495 (1974). Moreover, the record belies Plaintiff's claim that he has been unable to litigate this case. Rather, Plaintiff has filed numerous motions, filings, and exhibits in an effort to litigate the instant matter and a host of other cases in this Court.

Finally, Plaintiff has failed to demonstrate a substantial threat that he will suffer a requisite irreparable injury absent issuance of the requested preliminary injunction. Should Plaintiff be able to prove that the persons named in the request for injunction acted in retaliation for Plaintiff having filed this case, Plaintiff would be able to recover damages under 42 U.S.C. § 1983. Because Plaintiff has an adequate remedy at law, there cannot be a finding of irreparable injury. The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983) (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *see Lewis v. S. S. Baune*, 534 F.2d 1115, 1124 (5th Cir. 1976). Thus, failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury." If Plaintiff seeks a remedy

for the claims he raises, then he should name the proper parties in separate §1983 actions, of course, subject to separate case numbers and filing fees.

Plaintiff does not state a prima facie case for preliminary injunctive relief, does not demonstrate that he currently faces a "substantial threat" of "immediate and irreparable injury" from the defendants named in the instant case, and does not name any defendant in the instant case. Thus, Plaintiff has failed to meet his burden of demonstrating the existence of the necessary prerequisites for issuance of a preliminary injunction.

### VI.    Recommendations

Accordingly, it is recommended that:

1. Defendant's Motion to Dismiss [ECF No. 29] be GRANTED;

2. The amended complaint [ECF No. 8] be DISMISSED, pursuant to 28 U.S.C. § 1915(g) because Plaintiff is a "three-striker" under the PLRA. Since the statute only precludes Plaintiff from proceeding *in forma pauperis*, the dismissal should be without prejudice should he move to reopen the case upon payment of the full filing fee of $400.00 within ten days of dismissal of the complaint;

3. Accordingly, Plaintiff's application to proceed IFP [ECF No. 3] should be REVOKED because as a matter of law he is prohibited from proceeding *in forma pauperis*;

4. Plaintiff's Emergency Restraining Order Injunction should be DENIED with prejudice [ECF No. 35];

5. This matter should be CLOSED;

6. All pending motions should be DENIED as MOOT.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Signed this 22nd day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Mike E. Neal
150-133-695
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125
PRO SE

Ana Angelica Viciana
Miami-Dade County Attorney's Office
111 NW 1st Street, Suite 2810
Miami, FL 33128
(305) 375-4948
Email: anita@miamidade.gov